IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ONE REMINGTON, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 1:24-cv-05390-LMM |
| | : | |
| AUTO CONNECTION & GLASS LLC, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

This case began as a dispossessory proceeding in the State Court of Fulton County, Georgia. Dkt. No. [1-1] at 10. A movant whose name is not legible in court documents, proceeding pro se, sought to proceed *in forma pauperis* with removal of this action to this Court on November 22, 2024. Dkt. No. [1]. On November 25, 2024, the Magistrate Judge recommended that the action be remanded and that the application to proceed *in forma pauperis* be denied as moot. Dkt. No. [2]. Plaintiff then filed a motion to remand and response in opposition to the application to proceed *in forma pauperis*. Dkt. No. [4].

The Court has reviewed the Report and Recommendation de novo and finds that the Magistrate Judge correctly determined that the notice of removal is null because there is no indication that Movant is an attorney admitted to

practice in this Court. Additionally, the Court lacks subject-matter jurisdiction of this action.

At any time following removal, a "district court may remand a case *sua sponte* for lack of subject matter jurisdiction."[1] Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1296 (11th Cir. 2009) (citing 28 U.S.C. § 1447(c)). The burden of establishing federal jurisdiction rests with the removing party. Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009). The existence of federal-question jurisdiction depends on the allegations in the complaint at the time of removal. Ehlen Floor Covering, Inc. v. Lamb, 660 F.3d 1283, 1287 (11th Cir. 2011). And any doubts about the existence of federal jurisdiction will be resolved in favor of remand. Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).

A defendant may remove a state-court action only where it "originally could have been filed in federal court." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). As a result, "absent diversity of citizenship, the only basis for removal is 'when a federal question is presented on the face of the plaintiff's properly pleaded complaint.' " Lindley v. FDIC, 733 F.3d 1043, 1050 (11th Cir. 2013) (quoting Caterpillar, 482 U.S. at 392). This is known as the well-pleaded complaint rule. Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).

---

[1] For this reason, the Court need not wait until Movant has had an opportunity to object to the Magistrate Judge's Report and Recommendation to remand this case.

Federal-question jurisdiction exists only where the case "arise[s] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, "a case 'arises under' federal law if federal law creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law claim." Pacheco de Perez, 139 F.3d at 1373.

The well-pleaded complaint rule renders "the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, 482 U.S. at 391. This is true "even where a federal claim is also available." Dunlap v. G&L Holding Grp., Inc., 381 F.3d 1285, 1290 (11th Cir. 2004). Thus, when the complaint "allege[s] only state law claims, there is no jurisdiction under the well-pleaded complaint rule." Conn. State Dental Ass'n, 591 F.3d at 1343. Yet an "independent corollary" to the well-pleaded complaint rule is that " 'a plaintiff may not defeat removal by omitting to plead necessary federal questions.' " Rivet, 522 U.S. at 475 (quoting Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 22 (1983)). Indeed, where "a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." Rivet, id. The artfully pleaded exception, however, applies only where federal law has completely preempted state law or when adjudication of the plaintiff's state-law claim necessarily turns on a substantial question of federal law. Dunlap, 381 F.3d at 1290.

Here, it appears that Plaintiff sought only a dispossessory warrant, back rent, and attorney fees.[2] See Dkt. No. [1-1] at 10. This request is solely a matter of state law. The putative federal questions were raised in Movant's notice of removal. But even if the U.S. Constitution or federal law affords an adequate defense or supports a counterclaim, removal is improper. Federal defenses and counterclaims cannot create federal jurisdiction where, as here, the plaintiff seeks only state-law relief unless that relief has been completely preempted by federal law or depends on a substantial question of federal law. See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). Neither exception applies here.

Movant also cannot satisfy diversity jurisdiction because the filings indicate that Plaintiff and Defendant are both citizens of this state. Dkt. No. [1-1] at 10. 28 U.S.C. § 1332. Moreover, even if diversity jurisdiction did exist, removal in this matter would violate the forum-defendant rule under 28 U.S.C. § 1441(b)(2) because Movant states that Defendant is a citizen of Georgia, Dkt. No. [1-2] at 1. Goodwin v. Reynolds, 757 F.3d 1216, 1218 (11th Cir. 2014) (holding that a state-court action that is otherwise removable to federal court solely on the basis of diversity of citizenship is not removable if the defendant is a citizen of the state in which the action was filed).

---

[2] The copy of the complaint that was provided to the Court is somewhat blurry, and the smaller type is therefore difficult to read. Dkt. No. [1-1] at 10.

Therefore, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, Dkt. No. [2], as the Order of this Court; additionally finds that it lacks subject-matter jurisdiction of this action; and **DENIES AS MOOT** the application to proceed in *forma pauperis*, Dkt. No. [1], and the motion to remand, Dkt. No. [4]. The Clerk is **DIRECTED** to remand this matter to the State Court of Fulton County, Georgia, and **CLOSE** this case.[3]

**IT IS SO ORDERED** this 2nd day of December, 2024.

**Leigh Martin May**
**United States District Judge**

[3] As this case involves a pro se party, the Court provides further guidance. An order remanding the case means that the case will continue to be heard, but in the court where it was originally filed – here, the State Court of Fulton County. The case is simply being returned to the State Court of Fulton County for further proceedings. Because the case is not being dismissed, there is no right to appeal this Order. Any future motions should be filed with the State Court of Fulton County.